FILED
2019 Feb-15 PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **JASON BUSE and DUSTIN STALLINGS,** | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) CIVIL CASE NO.: _____ ) |
| **CAMPING WORLD PROPERTY, INC. and FREEDOMROADS, LLC,** | ) ) ) |
| Defendant. | |

## COMPLAINT

Plaintiffs, by and through their undersigned attorneys, alleges upon information, belief and knowledge, as follows:

## JURISDICTION AND VENUE

1. This action for injunctive relief and damages is brought pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. 201, *et seq.* District Court jurisdiction exists pursuant to 29 U.S.C. 216(b) and 217 and 28 U.S.C. 1331. An Opt-in Collective Action is sought under 29 U.S.C. 216(b).

## PARTIES

2. Plaintiff, Jason Buse (hereinafter "Buse"), is a resident of Eastaboga, Alabama and performed work for the Defendants in Calhoun County in the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C.

203(e)(1).  Thus, pursuant to 28 U.S.C. 1391(b), venue for this action properly lies in the Northern District of Alabama.

3. Plaintiff, Dustin Stallings (hereinafter "Stallings"), is a resident of Eastaboga, Alabama and performed work for the Defendants in Calhoun County in the Northern District of Alabama.  Plaintiff was an employee within the contemplation of 29 U.S.C. 203(e)(1).  Thus, pursuant to 28 U.S.C. 1391(b), venue for this action properly lies in the Northern District of Alabama.

4. Defendant, Camping World Property, Inc. (hereinafter "Camping World"), is a retailer selling recreational vehicles and campers and maintains its headquarters and principal address in Lincolnshire, Illinois.  Defendant is an employer within the meaning of the FLSA.

5. Defendant, FreedomRoads, LLC (hereinafter "FreedomRoads"), is a retailer selling recreational vehicles and campers and maintains its headquarters and principal address in Lincolnshire, Illinois.  Defendant is an employer within the meaning of the FLSA.

6. Camping World operates retail centers in the United States including but not limited to the following:  Oxford, Alabama; Avondale, Arizona; Las Vegas, Nevada; San Antonio, Texas; Jackson, Mississippi; Berkley, Massachusetts; Savannah, Georgia; Oklahoma City, Oklahoma; St. Louis, Missouri; and Lubbock, Texas.  Camping World is corporation with 10,000 employees.

7. FreedomRoads is owned by Camping World. Through FreedomRoads, Camping World sells recreational vehicles through a network of independent dealers through the United States including but not limited to the following: Dothan, Alabama; Anthony, Texas; Albuquerque, New Mexico; Syracuse, New York; Tallahassee, Florida; Spartanburg, South Carolina; Brunswick, Ohio; Valencia, California; Statesville, North Carolina; Elkhart, Indiana; Burlington, Washington; and Chattanooga, Tennessee.

## FACTUAL SUMMARY

8. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 7 above as if fully set forth herein.

9. Plaintiffs worked for the Defendants within the three years preceding the filing of this Complaint as technicians.

10. Plaintiffs' job duties consisted of inspecting recreational vehicles before they were delivered to Defendants' customers and service recreational vehicles on the flat-rate payment system. In order to perform these duties, Plaintiffs, and similarly situated technicians, had to be clocked in and present at Camping World.

11. At all times relevant to the Complaint, Plaintiffs were flat-rate paid, non-exempt employees, as were other technicians employed by Defendants.

12. Plaintiffs were regularly scheduled and did work in excess of forty hours in a work week.

13. Plaintiffs regularly performed tasks that were outside of the flat-rate system tasks.

14. Plaintiffs worked for Defendants at 2772 US Highway 78 East, Suite 1, Anniston, Alabama.

## COUNT ONE

## UNPAID WAGES AND/OR OVERTIME VIOLATIONS – FLSA

15. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 14 above as if fully set forth herein.

16. Plaintiffs, and similarly situated technicians, were required to clock in before each shift and clock out after each shift.

17. Once the Plaintiffs, and similarly situated technicians, were clocked in, they were given tasks that were paid according to the flat rate payment system.

18. The Plaintiffs were to be paid the flat rate hours for the task performed.

19. The flat rate hours for the tasks the Plaintiffs, and similarly situated technicians, would be delegated to other employees so the Plaintiffs, and similarly situated technicians, would not get full credit for the task they performed.

20. Plaintiffs, and similarly situated technicians, were also given tasks that were not on the flat rate system.

21. Said tasks performed by Plaintiffs, and similarly situated technicians, described in Paragraphs 19 and 20 are performed for the benefit of Defendant without

compensation.

22. Plaintiffs aver that they, and other similarly situated technicians, were required to be at the retailer from 8:00 A.M. to 5:00 P.M.

23. Plaintiffs aver that they, and other similarly situated employees, would stay past their shifts in order to perform tasks.

24. Plaintiffs aver that they, and other similarly situated technicians, were not compensated for the aforementioned postliminary work.

25. Defendant's policies and practices did not fairly compensate Plaintiffs, and other similarly situated technicians, for all work performed for the benefit of Defendants for both hours worked and hours worked over forty in a work week, depriving Plaintiffs, and similarly situated technicians, of unpaid wages and/or overtime.

26. As a result of Defendant's violation of the FLSA, Plaintiffs, and similarly situated technicians, have suffered loss of pay and benefits.

## COUNT TWO

## OPT-IN COLLECTIVE ACTION

27. Plaintiffs adopt by reference each and every material averment contained in paragraphs 1 through 26 above as if fully set forth herein.

28. Plaintiffs bring this suit as an opt-in collection action pursuant to the FLSA 16(b).

29. Defendant Camping World has employed more than 10,000 people nationwide who are subject to similar policy and practice violations of the FLSA as Plaintiffs for three years preceding the filing of this complaint.

30. The potential class is comprised of any and all persons employed by Defendants and performing off the clock work or non-flat rate jobs in a flat-rate paid role without being paid at any time during the three (3) years preceding the filing of this Complaint at Defendant's Oxford, Alabama location.

31. Upon information and belief, Defendants have refused to pay all employees for performing off the clock work and non-flat rate jobs for flat-rate paid employees, as set forth above.

32. Upon information and belief, the practices alleged in the aforementioned paragraphs comprise violations of the FLSA against other employees, thereby presenting both common questions of law and fact common to the class.

33. The claims of the representative Plaintiffs are typical of claims of the class. Plaintiffs, and other similarly situated technicians, were subjected to the same unlawful employment practices concerning inaccurate reporting of time, failure to pay wages, and other violations of the FLSA, as were other members of the class.

34. Plaintiffs will fairly and adequately protect the interest of the class in that they share common interests with the other members of the class and have employed counsel who will vigorously prosecute the interests of the class.

35.     The questions of law and fact common to the members of the class predominate over any questions affecting only individual members as the same practice of employing class members without paying them in accord with the FLSA was used by Defendant on all class members.

36.     This collective action is superior to other available methods to the fair and efficient adjudication of the controversy because of the large number of potential Plaintiffs; because of the relatively moderate amount of damages available to Plaintiffs were they to commence an individual action; and because of the predominate factual and legal questions common to all class members.

## **PRAYER FOR RELIEF**

**WHEREFORE PREMISES CONSIDERED**, Plaintiffs pray for the following relief:

A.     That the Court issue proper process to compel Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B.     That this Court award Plaintiffs, and other similarly situated employees, the amount of their unpaid wages and overtime wages, plus an additional equal amount as liquidated damages;

C.     That Plaintiffs, and other similarly situated employees, be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements, and interest; and

D.      For such other and further relief as this Court deems equitable, proper and just.

                Respectfully submitted,

                */s/ Kirby D. Farris*
                Kirby D. Farris (ASB-2224-R78K)

                */s/ Meredith K. Maitrejean*
                Meredith K. Maitrejean (ASB-1264-H63N)

**FARRIS, RILEY & PITT LLP**
The Financial Center, Suite 1700
505 20th Street North
Birmingham, Alabama 35203
P: (205) 324-1212
F: (205) 324-1255
kfarris@frplegal.com
meredith@frplegal.com

## JURY DEMAND

The Plaintiffs hereby demand a jury for the trial of this cause.

                */s/ Meredith K. Maitrejean*
                OF COUNSEL

**SERVE DEFENDANTS VIA CERTIFIED MAIL:**

Camping World Property, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104

FreedomRoads, LLC
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, Alabama 36104